IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

             Plaintiffs             Case No. 3:19-CR-165

-vs-                                         Judge Thomas M. Rose

ANTHONY FRANKLIN

             Defendant

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER BOND (DOC. 20)**

---

      Defendant Anthony Franklin has moved for review of Magistrate Judge Newman's order that he be detained pending trial on charges of conspiracy to possess with intent to distribute fentanyl and possession with intent to distribute fentanyl. Applying 18 U.S.C. §3142, and more specifically the presumption found in §3142(e) against release of those charged with serious drug offenses, Magistrate Judge Newman determined that Defendant presents both a risk of flight and a risk of danger to the community. On Wednesday, November 13, 2019, this Court held a hearing on Defendant's Motion to Reconsider Bond. The Court reviewed the previous transcript of Magistrate Judge Newman's October 29, 2019 hearing, received evidence and heard the arguments of counsel. Upon consideration, the Court finds that Defendant's motion is not well taken and makes the following findings of fact.

      Defendant was charged in an indictment dated November 5, 2019 with one count of conspiracy to knowingly and intentionally possess with intent to distribute and to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl also known as N-phenyl-N- [1-(2-phenylethyl 1)-4-piperidinyl], a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi) and 500 grams or more of a mixture or substance

containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A)(vii) in violation of 21 U.S.C. 21 U.S.C. §846 and one count of knowingly and intentionally possess with intent to distribute and to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentantyl, also known as N-phenyl-N- [1-(2-phenylethyl 1)-4-piperidinyl], a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), all in violation of 21 U.S.C. §846.

Defendant faces two separate sentences of mandatory minimum ten years to a maximum of life, $10,000,000 fine, five years supervised release and special assessment of $100.

Magistrate Judge Newman held the pretrial detention hearing on October 29, 2019. Having received the evidence and testimony, he ordered Defendant's motion denied. Magistrate Judge Newman's October 29, 2019 written opinion explained that the detention order was based on: the "clear and convincing" evidence that Defendant committed the offense charged; the rebuttable presumption contained in 18 U.S.C. §3142(e) that no conditions of release will secure the appearance of one charged with two drug offenses each carrying a maximum punishment of ten years to life in imprisonment; his findings that the evidence proffered by the Defendant would not rebut this presumption, and that the other relevant facts all supported the denial of Defendant's motion.

The district court has reviewed *de novo* the Magistrate Judge Newman's Order of Pretrial Detention.

Title 18 U.S.C. § 3142 governs pretrial release and provides that a defendant shall be released pending trial as long as conditions can be set that will reasonably assure the defendant's appearance and community safety. The judicial officer must determine that no set of conditions can be fashioned to control the risk of flight or danger before ordering the defendant detained. The government bears the burden of proving that the defendant should be detained. *E.g., United States v.*

*Hurtado,* 779 F.2d 1467 (1985), *reh'g den.,* 788 F.2d 1570 (11th Cir. 1986). Risk of either flight or danger can support detention. *United States v. King,* 849 F.2d 485, 488 (11th Cir.1988). Risk of dangerousness must be proved by clear and convincing evidence; risk of flight must be proved by a preponderance of the evidence. *Id.; United States v. Chimurenga,* 760 F.2d 400, 405 (2nd Cir.1985).

Most relevant to this case is the rebuttable presumption contained in 18 U.S.C. § 3142(e) that such conditions cannot be found for defendants charged with serious drug offenses. If the defendant produces evidence to rebut this presumption, it does not drop from the case, but remains as a factor to guide the judicial officer's decision. *E.g., United States v. Hurtado,* 779 F.2d at 1467; *United States v. Diaz,* 777 F.2d 1236, 1238 (7th Cir.1985). Thus, the presumption does not relieve the government of the ultimate burden of proof, *United States v. Martir,* 782 F.2d 1141 (2nd Cir.1986), but represents the belief of Congress that in most such cases there is an increased risk of flight and/or danger, specifically danger that the defendant will promptly return to drug trafficking. *E.g., United States v. Hare,* 873 F.2d 796, 798 (5th Cir.1989); *United States v. Jessup,* 757 F.2d 378 (1st Cir.1985).

Factors to be considered in this evaluation are set forth in 18 U.S.C. § 3142(g). Factors relating to the charges against the defendant are treated in 18 U.S.C. § 3142(g) (1) and (2). These include the nature of the offense, the surrounding circumstances, and the weight of the evidence against the defendant. Section 3142(g) (1) specifically notes the importance of "whether the offense is a crime of violence or involves a narcotic drug." Section 3142(g) (3) concerns the defendant's history and characteristics. Relevant features under 3142(g) (3) (A) include the person's character, health, family ties, employment, financial status, length of residence in the community, history of alcohol or drug abuse or criminal activity, and record of appearances for court proceedings. Section 3142(g) (3) (B) concerns whether the defendant was involved in any capacity with the criminal justice system at the time of the offense or arrest. Section 3142(g) (4) concerns the risk of danger to

the community and the suitability of any collateral that the defendant would offer to secure a bond.

Applying these legal standards to the facts of this case, the Court makes the following conclusions of law.

With respect to dangerousness, the Court finds that the amount of fentantyl, drug processing and packaging equipment as well as the firearms, found incident to Defendant's arrest and the search of the residence, constitute clear and convincing evidence that he has been engaged in the distribution of fentantyl. In addition to the Defendant's criminal history, which includes numerous cocaine and heroin convictions, the Court concludes that there is a serious risk that Defendant will return to this activity, if released pending trial, creating a risk and danger to the community.

With respect to flight, which must be proved by a preponderance, Defendant is facing mandatory minimums of ten years each and according to the Pretrial Service Report has 15 failures to appear and has spent approximately eight of the last ten years incarcerated, up until January 2018. The Court notes that the seriousness of the offenses with which Defendant is charged, and the heavy penalties attendant upon conviction, are strong motivation for any person to consider attempting to avoid trial.

Defendant has failed to present evidence to rebut the presumption. Therefore, based upon all evidence and testimony presented the Court finds that there are no conditions or combination of conditions that would reasonably assure the Defendant's appearance and/or community safety.

Accordingly, the Court concludes that Defendant's Motion for Reconsideration of Bond is DENIED.

IT IS SO ORDERED.

November 15, 2019                                               **\*s/Thomas M. Rose**
                                                                                                                     _____
                                                                                                                     Thomas M. Rose, Judge
                                                                                                                     United States District Court